# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCO JAVIER LARES-SANCHEZ, <br><br> Defendant. | Case No. 20cr548-MMA <br><br> **ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER** <br><br> [Doc. No. 15] |

Defendant Francisco Javier Lares-Sanchez is charged in a single-count Information with being a removed alien found in the United States, in violation of 8 U.S.C. § 1326(a). *See* Doc. No. 9. On January 22, 2020, United States Magistrate Judge Ruth Bermudez Montenegro ordered Defendant detained for the pendency of these proceedings due to the serious risk that Defendant would flee if released on bond. *See* Doc. No. 2. On April 1, 2020, Defendant moved for reconsideration and requested Judge Montenegro set a $30,000 personal appearance bond with a 10% cash deposit, to be signed by his U.S. citizen common law wife. *See* Doc. No. 13. Defendant argued in primary part that the ongoing coronavirus outbreak and accompanying "heightened risk of infection change the detention calculus." *Id.* at 9.[1]

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1

The government opposed the motion, which Judge Montenegro denied. *See* Doc. No. 14. Specifically, Judge Montenegro noted Defendant's criminal and immigration history and determined that "[e]ven in these challenging times and extraordinary circumstances" Defendant's proffered bond conditions were "insufficient to ensure Defendant's presence in court." *Id*. Defendant now requests that this Court review Judge Montenegro's rulings, revoke the detention order, and order Defendant released on bond subject to his proffered bond condition.[2] *See* Doc. No. 15.

A district court has jurisdiction to review, amend, or revoke a magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b). The magistrate judge's order is reviewed *de novo* and the district court is not required to adopt any factual findings made by the magistrate judge. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

A defendant is properly detained pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person" at future proceedings. 18 U.S.C. § 3142(e)(1). In making this determination, courts must consider the factors set forth in section 3142(g), including, as relevant here, the defendant's "physical and mental condition." *Id*. § 3142(g)(3)(A).

The Court has conducted the requisite *de novo* review and considered the parties' positions as well as the applicable statutory factors. The Court declines to revoke Judge Montenegro's detention order. The coronavirus outbreak and its impact on local and regional detention facilities are relevant concerns but are not dispositive in this case. Defendant has not demonstrated that he suffers a health condition warranting special consideration, or that conditions at his current place of confinement have affected his physical or mental health in a manner that substantially alters the Court's calculus.

---

[2] Defendant has waived his right to personally appear at a hearing on this matter, *see* Doc. No. 15 at 15, and the Court finds a hearing unnecessary. The Court must determine this matter "promptly," 18 U.S.C. § 3145(b), and the parties' positions are set forth in eloquent detail in the current record. *See* Doc. Nos. 13, 15.

1 | Moreover, the Court finds that Defendant poses a serious flight risk, which is not
2 | sufficiently ameliorated by his proposed bond conditions.  *See generally* 18 U.S.C. §
3 | 3142(e)(1).
4 |     Accordingly, the Court **DENIES** Defendant's motion to revoke Judge
5 | Montenegro's detention order.
6 |     **IT IS SO ORDERED**.
7 | DATED: April 6, 2020

HON. MICHAEL M. ANELLO
United States District Judge